UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANDREW BARNETTE,

                            Petitioner,                                  **MEMORANDUM & ORDER**

            v.                                                      No. 21-CV-2596 (RPK) (LB)

SUPERINTENDENT OF
EASTERN CORRECTIONAL FACILITY,

                            Respondent.
-------------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        On November 16, 2023, Chief Magistrate Judge Bloom issued a report and recommendation ("R. & R.") recommending that the Court deny petitioner's petition for a writ of habeas corpus. R. & R. (Dkt. #23). Petitioner filed timely objections to the R. & R. and later filed a correction to page 12 of his objections (together, "Pet.'s Objs."). (Dkts. #28–29). For the reasons set forth below, the Court adopts the R. & R. in its entirety.

        In reviewing a R. & R., a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When timely objections have been made to the R. & R., "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

        Applying *de novo* review to portions of the R. & R. to which petitioner objected, the Court finds that the R. & R. disposed of each of petitioner's three claims appropriately.

        *Fourth Amendment Claim.* Petitioner first objects to the R. & R.'s disposition of his Fourth Amendment claim that the state lacked probable cause to arrest him and that statements he made immediately following his arrest should have been suppressed. Petitioner's objection to this

portion of the R. & R. is predicated on an incorrect reading of the R. & R. Petitioner contends that the R. & R.'s finding that there was no "unconscionable breakdown" in the state's corrective process was "based solely on the remark(s) made in Footnote 7" of the R. & R. Pet.'s Objs. 1. Footnote 7 of the R. & R. explains why one particular mistake made by the lower state court did not constitute an unconscionable breakdown of state procedures. *See* R. & R. 10, n.7. That discussion does not cabin the R. & R.'s broader conclusion that the various arguments petitioner advanced in his petition and supporting briefs amounted to "mere disagreement with the outcome of the state court ruling," which alone is insufficient to show an "unconscionable breakdown" in the state process. *Id*. at 10.

*Fair Trial and Sixth Amendment Claims*. Petitioner next objects to the R. & R.'s disposition of fair trial and Sixth Amendment claims concerning the admission of statements from two non-testifying witnesses as well as certain statements petitioner made as to which he did not receive statutorily required notice. The state court found that any error in the admission of that evidence was harmless beyond a reasonable doubt because of the "overwhelming" evidence of petitioner's guilt, *People v. Barnette*, 55 N.Y.S.3d 364, 366 (App. Div. 2017), and the R. & R. concluded that this harmlessness determination was not contrary to or an unreasonable application of clearly established federal law, R. & R. 12. Petitioner disagrees, arguing that "there was no significant evidence of [his] guilt." Pet.'s Objs. 11. But to the contrary, the other trial evidence included, among other things, the testimony of the individual who was kidnapped and robbed; surveillance video of the victim's abduction; photos of the victim's injuries; cell-phone evidence indicating that petitioner was in the area where the abduction occurred when it happened; and petitioner's statements during a post-arrest interview that placed him at the crime scene and admitted he robbed the victim. *See* State Rec. Ex. B4, Trial Tr. 1067–1136 (Dkt. #8-8). Given

2

this evidence, there was no error in Judge Bloom's determination that the state court's harmlessness ruling survives habeas review.

*Ineffective Assistance of Counsel Claim.*  Finally, there was no error in Judge Bloom's determination that the state court's rejection of petitioner's ineffective-assistance claim "was not contrary to or an unreasonable application of clearly established Federal law." R. & R. 17. Substantial deference was due to the state court's finding that petitioner was not prejudiced by any ineffective assistance of his trial counsel. *See* State Rec. Ex. E5, King's Cnty. Sup. Ct. Op. (Dkt. #8-17); *People v. Barnette*, 129 N.Y.S.3d 816 (App. Div. 2020); *see also Page v. Martuscello*, 561 F. App'x 118, 119 (2d Cir. 2014) (summary order) ("[W]e cannot reject the state court's conclusion that [petitioner] failed to establish that he was prejudiced by his counsel's error . . . [b]ecause AEDPA requires us to defer to such state court factual findings."). Petitioner's objections, *see* Pet.'s Objs. 19–26, fail to overcome AEDPA's highly deferential standard.

## CONCLUSION

Accordingly, the R. & R. is adopted in its entirety and the habeas petition is denied. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Luciadore v. N.Y. State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). Though petitioner has paid the filing fee, *see* Filing Fee (Dkt. #3), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal, *Coppedge v. U.S.*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: December 13, 2023
Brooklyn, New York